Lea LeFebvre, *pro ami, vs.* Lawton Spinning Co.

PROVIDENCE—JUNE 3, 1902.

Present : Tillinghast, Rogers, and Douglas, JJ.

(1) *Negligence. Master and Servant.*

Plaintiff, about twelve and a half years of age, was employed by defendant as a "doffer" in its mill. Her duties were to remove full bobbins from the twisters and replace them with empty ones. Plaintiff had to perform her work in a narrow alley bordered on both sides by a row of twisters, the floor of the alley being slippery by reason of oil from the machines. The bobbins frequently stuck, and required force to remove them. Plaintiff, while attempting to kick off a bobbin that stuck, fell backward against a twister on the other side of the alley and was seriously injured. On above facts plaintiff recovered a verdict :—

*Held,* that the verdict was not against the evidence.

(2) *Contributory Negligence.*

*Held,* further, that ordinarily the question of contributory negligence is for the jury, and the court can only interfere with their finding when it is so clear that such negligence existed that fair-minded men could not differ thereon.

*Held,* further, that plaintiff, owing to her age, could not be held to that degree of care which a person of mature years and long experience could be called upon to exercise, and hence the degree of care was, under the circumstances, peculiarly a question for the jury.

(3) *Evidence.*

The declaration alleged that plaintiff was employed about a dangerous machine where she had never worked before except for a little while, that it was not properly guarded, nor were proper warnings or instructions given plaintiff as to the danger :—

*Held,* that evidence as to the directions or instructions given plaintiff by the foreman as to the manner in which she could take off the bobbins was properly admitted.

*Held,* further, that whether the instructions given plaintiff by the foreman, in view of her age and short experience, taken in connection with her surroundings, were reasonable and proper was a question for the jury.

(4) *Negligence. Master and Servant. Safe Appliances.*

*Held,* further, that the question whether the machine was defective and unsafe, in that the bobbins were too tight for the spindles and could not be removed by plaintiff with safety on account of her lack of strength, was a question for the jury.

TRESPASS ON THE CASE for negligence.   Heard on petition of defendant for new trial, and petition denied.

TILLINGHAST, J.   This is trespass on the case for negligence.

(1)   The plaintiff, at the time of receiving the injury complained of, was in the employ of the defendant corporation in the capacity of "doffer" at its mill in Woonsocket.   She was about twelve and one-half years of age.   Her duties required her, amongst other things, to remove full bobbins from the twisters and replace them with empty ones.   These bobbins frequently stuck and required some sudden force to remove them.   On the 19th day of June, 1900, while the plaintiff was in the performance of her work, she came across a bobbin which stuck, and in attempting to kick it off with her foot she fell backward against a similar machine, or twister, upon the other side of the alley, where her hair became entangled in the rolls thereof, and her scalp, and ear, and part of her face were torn off, and she was very seriously and permanently injured, and badly disfigured for life.

At the trial of the case in the Common Pleas Division the jury returned a verdict for the plaintiff in the sum of $7,500, and the case is now before us upon the defendant's petition for à new trial on the grounds (1) that the verdict is against

the evidence ; (2) that it appears that the plaintiff was guilty of contributory negligence ; (3) that the court erred in admitting certain testimony against the objection of the defendant ; and (4) that the court erred in admitting testimony relating to matters not set forth in the plaintiff's declaration.

The evidence shows that the place where the plaintiff had to perform her work was a narrow alley, about three feet wide, bordered on both sides by a row of twisters ; that on top of these twisters and close to the alley were brass rolls of smooth surface, about three inches in diameter, and placed horizontally one above the other.   One of these rolls extended the whole length of the machine, and was stationary.   The other consisted of a series of small rolls three inches apart one from the other, about three inches long, and placed above and along the entire length of the long roll. These small rolls were not fixed, but could be easily moved up and down.

It further appears from the evidence that the floor of said alley was slippery, by reason of oil that was being constantly projected from the machines.

As to the first ground for a new trial, we are not satisfied, after a careful examination of the evidence submitted, that it is well taken.

(2)     As to the second ground, the evidence does not show that the plaintiff was clearly guilty of contributory negligence, and hence the court cannot interfere with the verdict on that ground.   The law as to contributory negligence in this State, as many times declared by this court, is that ordinarily the question as to whether a plaintiff in an action of this sort is barred from recovering on account thereof is a question for the jury, and that the court can only interfere with their finding upon that question when it is so clear that such negligence existed that fair-minded men could not differ thereon. *Boss* v. *Railroad Co.,* 15 R. I. 149 ; *Clarke* v. *Electric Light Co.,* 16 R. I. 463 ; *Willis* v. *Telegram Co.,* 20 R. I. 285 ; *Pilling* v. *Machine Co.,* 19 R. I. 666.   And such is the law almost universally.

Moreover, the plaintiff in this case, owing to her tender years, could not be required to exercise that degree of care

which a person of mature years and long experience could properly be called upon to exercise ; and hence the degree of care which she was called upon to exercise, under the circumstances, was peculiarly a question for the jury.

The third and fourth grounds of the defendant's petition may properly be considered together.

The testimony objected to was the plaintiff's statement as to the directions or instruction given to her by the foreman or second hand, under whom she was working, as to the manner in which she could take off, or " doff," the bobbins when they stuck, as aforesaid, as they frequently did.

This testimony was objected to by defendant on the ground that the plaintiff's declaration contained no specific allegation regarding such direction or instruction, and hence that it was improperly admitted.

The plaintiff's declaration alleges, amongst other things :
(3) " That on the 19th day of June, 1900, said plaintiff was employed by said defendant to work in its mill ; that she was then and there under the age of fourteen years ; that while so employed she was set to work by the defendant upon and about a dangerous machine, and in a dangerous place, where she had never worked before, except for a little while ; that it was not properly guarded, nor were proper precautions taken by the defendant to protect the plaintiff against the dangers of said employment ; nor were proper warning or instructions given to her by said defendant as to said danger."

We think it is clear that in view of this allegation the testimony objected to was admissible, and hence that the ruling complained of should be sustained. The declaration was manifestly specific enough to notify the defendant as to the general claim which would be made by the plaintiff regarding the matter of instructions in the doing of said work. To require more particularity in the premises would practically amount to calling upon the plaintiff to set out the testimony which she proposed to offer upon this branch of the case. And no rule of pleading of which we are aware calls for this.

The evidence shows that the plaintiff first attempted to take the bobbin off with her hands, but could not ; and that

then she kicked it with her foot, and fell backwards.   It also shows that she was instructed by the foreman, who had the direction of the employees in the room, to kick them off when they stuck ; also, that when he gave her these instructions, he showed her how to kick them off.   She also testifies, and there is practically no contradiction as to this, that the floor was slippery on account of the oil running on it, and that it was never washed ; or, at any rate, only at long intervals. The plaintiff had only worked in said capacity since April, 1900; that is, about seven or eight weeks before the accident. She had previously slipped on the floor two or three times while kicking off the bobbins, but had received no injury.

Whether, in view of the plaintiff's age and her short experience in doing work of this sort, taken in connection with her surroundings aforesaid, the instructions given her as to the method of removing the bobbins from the spindles were reasonable and proper was clearly a question for the jury.

(4)   In view of the allegation in the plaintiff's declaration, that said machine was defective and unsafe, in that the bobbins were too tight on the spindles and could not be removed therefrom by the plaintiff with safety, on account of her lack of strength, etc., it was also for the jury to determine whether the machine on which she worked was a reasonably safe appliance ; that is to say, whether the defendant had discharged its duty in providing her with a reasonably safe machine upon which to do her work.

There is evidence that nearly one-half of the bobbins were too small for the spindles, and that workmen were employed, before and at the time of the accident in question, in " sizing them up ; " that is, as we understand it, fitting them to the spindles so that they would go on and off properly.

Upon a careful consideration of all the evidence, and of the points taken by defendant, we see no ground upon which we can properly interfere with the verdict of the jury ; and hence the defendant's petition for a new trial must be denied, and the case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Archambault & Gaulin*, for plaintiff.

*Walter B. Vincent*, for defendants.